IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARRINGTON MORTGAGE SERVICES LLC, | § | |
| PLAINTIFF, | § | |
| | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:25-CV-488-L-BK |
| | § | |
| STACIE RYLANDER, | § | |
| DEFENDANT. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the entry of findings and a recommended disposition. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**I. BACKGROUND**

On February 26, 2025, Stacie Rylander filed a *Petition for Writ of Mandamus*. Doc. 3. She seeks to compel the state court to issue a ruling in a pending foreclosure action, *Carrington Mortg. Servs., LLC v. Stacie Rylander, et al.*, No. DC-24-17772 (162nd Jud. Dist. Ct., Dallas County, Tex.).[1] Doc. 3 at 1. Rylander identifies herself as the defendant, although she filed this mandamus action and aligns the parties in her petition as *Rylander v. Carrington Mortg. Servs. LLC*. Doc. 3 at 1.

---

[1] The Dallas County District Court Case Information is available at https://www.dallascounty.org/services/record-search/ (last accessed on Feb. 28, 2025).

Rylander asserts that on January 16, 2025, she filed in the state action a *Commercial Affidavit Demand for Default Summary Judgement*. Doc. 3 at 1. Because no ruling has been issued, Rylander now petitions for writ of mandamus. She asserts that she "is suffering irreparable harm as the Plaintiff [Carrington Mortgage Services LLC] is attempting to proceed with an unlawful foreclosure process based on defective, unverified and incomplete documentation." Doc. 3 at 2. Rylander requests that a permanent injunction be issued prohibiting Carrington Mortgage from proceeding with the foreclosure. Doc. 3 at 4.

Upon review, the Court concludes that subject matter jurisdiction is lacking. Thus, this action should be dismissed *sua sponte*.[2]

**II. ANALYSIS**

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *The Lamar Co., L.L.C. v. Mississippi Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The plaintiff, as the party asserting subject-matter jurisdiction, bears the burden of establishing that subject matter jurisdiction exists. *See Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).

The Court must also liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e)

---

[2] Because jurisdiction is lacking, the Court need not address the deficiencies in the complaint and the construed motion for leave to proceed *in forma pauperis*. Doc. 3; Doc. 4.

("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, the Court lacks jurisdiction over this action.

Rylander requests a writ of mandamus under the federal mandamus statute, 28 U.S.C. § 1361. Doc. 3 at 2. That statute provides "district courts [with] original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Section 1361 does not, however, empower federal courts to compel state officers or state agencies to act. *See Moye v. Clerk, DeKalb Cnty. Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973) (per curiam) (holding federal courts are without power to issue writs of mandamus against state officers in the performance of their duties where mandamus is the only relief sought). Indeed, federal courts lack the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties. *Santee v. Quinlan,* 115 F.3d 355, 357 (5th Cir.1997) (affirming dismissal of petition for writ of mandamus because federal courts lack the power to mandamus state courts in the performance of their duties).

Consequently, the Court lacks jurisdiction over Rylander's request for mandamus relief.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). The facts as alleged in Rylander's petition establish a lack of subject matter jurisdiction in this Court. Thus, granting leave to amend would be futile and cause needless delay.

**IV. CONCLUSION**

This action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter

jurisdiction.  *See* FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on March 14, 2025.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).