IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CARRINGTON MORTGAGE SERVICES LLC,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:25-CV-488-L-BK** |
| **STACIE RYLANDER,** | § § § | |
| Defendant. | § | |

## ORDER

On March 14, 2025, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 5) was entered, recommending that the court summarily **dismiss without prejudice** *pro se* Plaintiff Stacie Rylander's Petition for Writ of Mandamus ("Petition") (Doc. 3) for lack of jurisdiction. No objections to the Report have been filed, and the 14-day period to object after service of the Report has passed. *See* Fed. R. Civ. P. 72(b)(1)(2); 28 U.S.C. § 636(b)(1)(C).

In her Petition, Plaintiff "seeks to compel the state court to issue a ruling in a pending foreclosure action, *Carrington Mortg. Servs., LLC v. Stacie Rylander, et al.*, No. DC-24-17772 (162nd Jud. Dist. Ct., Dallas County, Tex.)." Report 1 (citing Doc. 3). In reviewing Plaintiff's Petition, the magistrate judge determined the court does not have subject matter jurisdiction over this action and recommended that the court *sua sponte* dismiss this action. *Id.* at 2. Moreover, Magistrate Judge Renée Harris Toliver concluded that because the court does not have jurisdiction, it does not need to address the deficiencies in Plaintiff's Petition and her Motion to Proceed *in forma pauperis*. *Id.* (citing Docs. 3,4). Finally, the magistrate judge determined that

granting Plaintiff leave to amend her Petition would be futile and cause needless delay because subject matter jurisdiction is lacking.

After considering the pleadings, file, record, Report, and applicable law, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the **dismisses without prejudice** this action, pursuant to Federal Rule of Civil Procedure 12(h)(3).

The court also prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **accepts and incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Report, the court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 9th day of April, 2025.

*[signature: Sam A. Lindsay]*
Sam A. Lindsay
United States District Judge

Order – Page 2